Z:\LOK_data\949\305\Complaint-01.docx\DMS\cs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>DRAKE HOMES CORPORATION<br><br>Serve  Registered Agent:<br>      Mary Kathryn Drake<br>      1765 Beech Tree Road<br>      Charleston, IL 61920<br>and<br><br>SARAH BUSH LINCOLN HEALTH CENTER<br><br>Serve  Registered Agent<br>      Jerry J. Esker<br>      1000 Health Center Dr.<br>      Mattoon, IL 61938<br><br>    Defendants. | Case No.:<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, OWNERS INSURANCE COMPANY, by and through its attorneys, BETH C. BOGGS and BOGGS, AVELLINO, LACH & BOGGS, L.L.C., and for its Complaint for Declaratory Judgment, states as follows:

### PARTIES

1.    Plaintiff, Owners Insurance Company ("Owners"), is a Michigan corporation, with its principle place of business in Lansing, Michigan. Therefore, Owners is a citizen and resident of the State of Michigan. Plaintiff is licensed to do business in the State of

Illinois, and is in the business of selling policies of insurance.

2.      Owners brings this Complaint for Declaratory Judgment pursuant to 28 USC §2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure for declaratory relief regarding its obligations under the policy of insurance described herein.

3.      Defendant, Drake Homes Corporation ("Drake") is an Illinois Corporation, with its principle address of 1765 Beech Tree Road, Charleston, Illinois 61920. Defendant, Drake, is a resident and citizen of the State of Illinois.

4.      Defendant, Sarah Bush Lincoln Health Center ("Sarah Bush") is an Illinois Corporation doing business as Charleston Medical Clinic in Charleston, Illinois, with a principle address of 1000 Health Center Drive, Mattoon, Illinois 61938. Defendant, Sarah Bush, is a resident and citizen of the State of Illinois.

5.      Owners seeks a declaration of its legal rights and obligations herein, based upon an actual controversy regarding Owners' obligation to defend and indemnify Defendant, Drake Homes, under a commercial liability policy of insurance, as a result of a claim filed by Defendant, Sarah Bush, against Defendant, Drake Homes, for damages. Owners seeks a judgment of this Court that Owners has no obligation to defend of indemnify Drake Homes for any claims asserted by Defendant, Sarah Bush, based upon the terms of the relevant policy of insurance herein.

## JURISDICTION AND VENUE

6.      This Court has original diversity jurisdiction in this matter pursuant to 28 USC §1332, because the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and there is diversity of citizenship of

the parties herein.

7. Venue is proper herein pursuant to the 28 USC §1391, because a substantial part of the events giving rise to the claims of issue occurred in this District, and because policy of insurance herein was issued to Defendant, Drake Homes, in this District. In the alternative, venue is proper herein pursuant to 28 USC §1391, as all Defendants reside in and do business in this District, and are subject to this Court's personal jurisdiction.

## UNDERLYING CLAIM

8. Owners sold to Drake Homes a commercial liability policy of insurance, policy number 124604-07547334-12, with a policy term of 09/30/12 to 09/30/13. The Policy included Commercial General Liability Coverage. A copy of said Policy is attached hereto as Exhibit 1 and incorporated herein by reference.

9. Defendant, Drake Homes, asserted a claim against said policy of insurance by correspondence dated December 22, 2016, arising out of commercial construction work provided by Defendant, Drake Homes, to Defendant, Sarah Bush Lincoln Health Center, on or about March 2013, during a time period of coverage provided under the policy (Exhibit 2).

10. The underlying claim arises out of a contract entered into in February 2013, by and between Defendant, Drake Homes, and Defendant, Sarah Bush, whereby Drake Homes contracted with Sarah Bush to construct a medical clinic according to the specifications set forth in the underlying contract. The project involved a medical office building of approximately 4,300 square feet and another 3,700 square feet of unfinished space.

11. The specific loss at issue between the Defendants involve a claim for damages asserted by Defendant, Sarah Bush, in which it alleges that Defendant, Drake Homes, by and through its flooring subcontractor, failed to place a required vapor barrier before pouring concrete flooring in the facility. The allegations assert that this failure has resulted in moisture transmitting through the concrete and into rubber tile flooring installed at the facility, which in turn has caused the commercial tile flooring to fail. The parties agree that said vapor barrier was not installed by Defendant, Drake Homes, or its subcontractor. Defendant, Sarah Bush, has produced an estimate of damages in excess of One Hundred Thousand Dollars ($100,000.00) (See "Exhibit 3" attached hereto).

12. The contract between the Defendant parties included a guaranty by which Defendant, Drake Homes, guaranteed all materials and workmanship against defects for a period of one year from the date of substantial completion, during which time Defendant, Drake Homes contractually agreed to replace or repair to owner's satisfaction any work or material which may be defective, including property damaged as a consequence of defects, all at no cost to the owners (See "Exhibit 4" attached hereto).

## POLICY

13. The Policy of Insurance issued by Plaintiff to Defendant, Drake Homes, herein provided commercial general liability coverage, with applicable limits of One Million Dollars ($1,000,000.00), and effective dates of 09/30/12 through 09/30/13. The alleged date of loss herein is March 13, 2013, which places the date of loss within the effective dates of the policy.

14. Owners' insurance policy includes the following relevant provisions:

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

2. Exclusions

This insurance does not apply to:

l. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

j. Damage to Property

"Property damage" to:

(7) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
Paragraphs (1), (2), (4) and (5) of this exclusion do not apply to "property damage" (other than damage by fire0 to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days.  A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits of Insurance.

Paragraph (3) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

Paragraphs (4), (5), (6) and (7) of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph (7) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

m. Damage To Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or;

(2)    A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

## SECTION V- DEFINITIONS

9. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement if such property can be restored to use by;

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

17. "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring aware from premises you own or rent and arising out of "your product" or "your work" except:

    (1) Products that are still in your physical possession; or

    (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

    (a) When all of the work called for in your contract has been completed.

    (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

    (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same

        project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b. Does not include "bodily injury" or "property damage" arising out of:

        (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

        (3) Products or operations for which the classification, shown in the Declarations, states that products-completed operations are included.

18. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of "occurrence" that caused it.

    For the purposes of this insurance, electronic data is not tangible property.
    As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

26. "Your product":

    a. Means:

        (1) Any goods or products, other than real property, manufactured, sold handled, distributed or disposed of by:

            (a) You;

    (b) Others trading under your name; or

    (c) A person or organization whose business or assets you have acquired; and

  (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

 b. Includes:

  (1) Warranties or representatives made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

  (2) The providing of or failure to provide warnings or instructions.

 c. Does not include vending machines or other property rented to or located for the use of others but not sold.

27. "Your work":

 a. Means:

  (1) Work or operations performed by you or on your behalf; and

  (2) Materials, parts or equipment furnished in connection with such work or operations.

 b. Includes:

  (1) Warranties or representatives made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

  (2) The providing of or failure to provide warnings or instructions

15. The allegations made against the Insured, Drake Homes, by Defendant, Sarah Bush, allege damage to property arising out of "your work" as defined in the above Section of the policy. Coverage for said claims is excluded specifically under the policy provisions set forth herein. Under Section I- Coverages, Paragraph 2. Exclusions. This insurance does not apply to property damage to that particular part of any property that

must be restored, repaired, or replaced of "your work that was incorrectly performed on it."

27. "Your work":

a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

As specifically set forth in this provision, coverage for the claims asserted by Defendant, Sarah Bush, herein is specifically excluded under the policy.

16. Illinois Courts have specifically held that there is no coverage under a contractor's commercial general liability policy for damage claims by the property owner resulting from defective work by the contractor. See *State Farm Fire and Cas. Co. v. Tillerson*, 334 Ill. App. 3d 404, 406, 777 N.E.2d 986, 988 (2002). The insurance carrier in such a claim situation has no duty to defend the insured contractor against such claims for defective work. See *Viking Const. Management., Inc. v. Liberty Mut. Ins. Co.*, 358 Ill. App. 3d 34, 36, 831 N.E.2d 1, 2 (2005).

17. The Illinois Supreme Court endorsed Plaintiff's proposed policy construction in *Western Cas. & Sur. Co. v. Brochu*, 105 Ill. 2d 486, 490, 475 N.E.2d 872, 874 (1985), wherein it held that such a commercial general liability policy does not cover faulty workmanship, and that improper construction by a contractor and/or subcontractor does not constitute an occurrence under such a policy which would require coverage and a defense of the insured.

WHEREFORE, Plaintiff Owners Insurance respectfully prays for an Order of this Court that:

a) Plaintiff, Owners Insurance, is entitled to judgment declaring that it has no obligation under the General Commercial Liability Policy referred to herein to defend Defendant, Drake Homes, and/or to provide coverage for the claim asserted by Defendant, Sarah Bush Lincoln Health Center, herein;

b) Judgment be entered to declare that Plaintiff has no obligation under said general commercial liability policy to indemnify and/or defend Defendants herein for any claims relating to the project referred to herein;

c) This Court grant Plaintiff its attorneys' fees costs, and expenses occurred in brining suit herein; and

d) for such other and further relief that the Court may deem just and proper.

DEFENDANT DEMANDS TRIAL BY JURY

Respectfully submitted,

OWNERS INSURANCE COMPANY

By: /s/ Beth C. Boggs
Beth C. Boggs, #06208313-IL
BOGGS, AVELLINO, LACH & BOGGS, L.L.C.
9326 Olive Blvd., Suite 200
St. Louis, MO 63132
(314) 726-2310 Telephone
(314) 726-2360 Facsimile
bboggs@balblawyers.com
**Attorneys for Plaintiff**