IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OWNERS INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-104-NJR-RJD |
| | ) |
| DRAKE HOMES CORPORATION and | ) |
| SARAH BUSH LINCOLN HEALTH | ) |
| CENTER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on Plaintiff Owners Insurance Company's Amended Motion for Default Judgment against Defendant Drake Homes Corporation (Doc. 23). For the following reasons, the motion is granted.

Owners Insurance issued a commercial liability policy of insurance to Drake Homes for the period of September 30, 2012, to September 30, 2013. In February 2013, during the policy period, Drake Homes contracted with Sarah Bush Lincoln Health Center to construct a medical clinic in Charleston, Illinois. The plans for the medical clinic required Drake Homes and its subcontractors to install a vapor barrier prior to pouring the concrete flooring, but the vapor barrier was not installed. As a result, moisture transmitted through the concrete and into the tile flooring, which caused the tile flooring to fail. Sarah Bush Lincoln estimates damages in excess of $100,000.

Sarah Bush Lincoln filed a claim for its loss on the insurance policy issued by Owners Insurance to Drake Homes. The alleged date of Sarah Bush Lincoln's loss was

March 13, 2013, which places the date of loss within the effective dates of the policy. The policy, however, contains an exclusion for claims for property damage arising out of work that was incorrectly performed by Drake Homes or its subcontractors. Based on that exclusion, Owners Insurance filed this lawsuit seeking a declaratory judgment that it has no obligation to defend or indemnify Drake Homes for the claim asserted by Sarah Bush Lincoln.

The complaint in this case was filed on January 18, 2018 (Doc. 1). Summons was issued, and Drake Homes was served on February 5, 2018 (Doc. 8). Drake Homes has not appeared in this action and did not file an answer or otherwise respond to the complaint by the deadline. Based on that failure, Owners Insurance secured an entry of default against Drake Homes under Federal Rule of Civil Procedure 55(a) on April 17, 2018 (Doc. 20). Owners Insurance then filed a motion seeking default judgment against Drake Homes under Rule 55(b)(2) on April 24, 2018 (Doc. 21). The motion, however, did not comport with the Local Rules in that it did not certify to the Court that notice of the entry of default and the motion for default judgment were mailed to the last known address of Drake Homes and to the attorney thought to represent Drake Homes (*see* Docs. 21, 22). SDIL-LR 55.1. Owners Insurance has since filed an amended motion that contains the required certifications (Doc. 23, p. 3).

The Court notes that Sarah Bush Lincoln did not file a response or otherwise object to Owners Insurance's request for default judgment against Drake Homes. Rather, Sarah Bush Lincoln previously advised the Court that it is only "a nominal Defendant in this declaratory judgment action," it "has no interest or stake in the outcome of the declaratory judgment action," and it "agrees to be bound by the findings of this Court as

it relates to insurance coverage" (Doc. 11).

The Court has carefully reviewed the Complaint and the insurance policy at issue and concludes that Owners Insurance has demonstrated that it is entitled to default judgment against Drake Homes. Accordingly, the Amended Motion for Default Judgment against Drake Homes (Doc. 23) is **GRANTED,** and the Court **DECLARES** that Owners Insurance Company has no duty to defend or indemnify Drake Homes Corporation as to any claims made by Sarah Bush Lincoln Health Center that arise out of the commercial construction project between Drake Homes Corporation and Sarah Bush Lincoln Health Center. Owners Insurance shall recover costs from Drake Homes Corporation.

In light of Sarah Bush Lincoln's previous agreement to be bound by the Court's findings, this Order resolves all claims against all parties. There being nothing further before the Court, the Clerk of Court is **DIRECTED** to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:   July 12, 2018

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**